UNITED STATES BANKRUPTCY COURT
Eastern District of Michigan

In re:   Jerry J Wagner
         Shannon L Wagner

Case No. 17-20394
Chapter 13
Honorable: Daniel S. Opperman

Debtor(s)
_____/

Address:  5647 W School Rd.
          Mount Pleasant, MI 48858

Last four digits of Social Security or
Employer's Tax Identification (EIN) No(s).(if any): xxx-xx-0759
                                                    xxx-xx-9185

## NOTICE OF MOTION FOR ORDER TO SHOW CAUSE

The debtors, Jerry J. Wagner and Shannon L. Wagner have filed papers with the court for an Order to Show Cause.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to issue an Order to Show Cause, or if you want the court to consider your views on the Motion, within __14__ days, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:

**United States Bankruptcy Court**
111 First Street
Bay City, MI 48708

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to:

Coon & Elmy, P.C.
3820 Isabella St.
Midland, MI 48640
coonandelmypc@hotmail.com

Thomas W. McDonald, Jr.
Chapter 13 Trustee
3144 Davenport
Saginaw, MI 48602

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Date: August 15, 2017

/s/ Shantele D. Elmy
Attorney for Debtors
3820 Isabella St.
Midland, MI 48640
(989) 625-0969
coonandelmypc@hotmail.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

In re: Jerry J Wagner
Shannon L Wagner

Case No. 17-20394
Chapter 13
Honorable: Daniel S. Opperman

Debtor(s)
_____/

## DEBTORS' MOTION FOR AN ORDER TO SHOW CAUSE

Pursuant to 11 U.S.C. §362(a)(1), 11 U.S.C. §105(a) and Fed. R. Bankr. P. 9020 (Rule 9014 governs a motion for an order of contempt), the Debtors, by and through their attorneys, Coon & Elmy, P.C. state the following in support of their motion for an order to show cause:

### JURISDICTION AND VENUE

1. This motion arises out of, and is related to, the above-captioned Chapter 13 case now pending in the United States Bankruptcy Court-Eastern District of Michigan. Fed. R. Bankr. P. 7008(a).

2. Jurisdiction is proper under 28 U.S.C. §157 and 28 U.S.C. §1334.

3. Venue is proper under 28 U.S.C. §409(a).

4. This motion constitutes a core proceeding pursuant to 28 U.S.C. §157.

### PARTIES

5. Jerry J. Wagner and Shannon L. Wagner are married individuals and the debtors in the above-captioned bankruptcy case, having filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the Eastern District of Michigan on March 3, 2017. They reside in Midland, Michigan, and, as such, are individuals as defined by 11 U.S.C. §362(k).

6. Wildfire Credit Union is a banking institution doing business in the state of Michigan.

### FACTUAL ALLEGATIONS

7. Debtors filed for Chapter 13 relief on March 3, 2017.

8. The Chapter 13 Plan and 341 Notice were properly served upon Wildfire Credit Union ("the Credit Union") as a creditor in this matter on or about March 10, 2017.

9. The Plan provided that the debtors were to pay their vehicle loan to Wildfire Credit Union through the Trustee. The Credit Union automobile loan was not to be crammed down or altered in any way. The Plan provided that the loan was to be paid in full during the plan and prior to filing the bankruptcy, they were current on the loan.

10. The debtors did not have any other loans or debts through the Credit Union.

11. On March 22, 2017, approximately 12 days after the Plan was served and 19 days after the case was filed, Mrs. Wagner went to lunch with some co-workers and attempted to use her Credit Union Debit Visa Card. The transaction was declined, despite money being in the account. Mrs. Wagner had to borrow money from a co-worker for her lunch and suffered great embarrassment from this event.

12. Upon returning to work after her lunch, Mrs. Wagner sent a message through the Credit Union's secured messaging system. She received a response from "Kate" indicating that there was a temporary block on the card because the collections department wanted to know if she was reaffirming the loan. Mrs. Wagner was directed to call the collections department. (see attached Exhibit 2)

13. This unlawful demand was made by the Credit Union even though the Wagners had filed for Bankruptcy relief 19 days earlier and they were represented by counsel. Further, this freezing of the Wagners' debit card was made without any prior notice to the Wagners or their attorney.

14. Mrs. Wagner, desperate to unfreeze her account, called the Credit Union and was told by the collections agent that her account had been frozen by the Credit Union in order to make the Wagners contact the Credit Union so that they could discuss the Wagners' Plan.

15. At no time prior to this freezing of the account did the Credit Union or their attorney attempt to contact the Wagners' attorney to discuss the Wagners' Plan or their objections to the Plan.

16. The collection agent that Mrs. Wagner spoke to advised her that the Credit Union had frozen the account. The agent spoke with her manager and advised Mrs. Wagner that the manager suggested the Wagners "pressure" the trustee into allowing the loan to be paid outside of the plan.

17. The Wagners were not forced to pay the automobile loan inside their Plan but chose to do so in order to receive Bankruptcy Code protection for that loan.

18. Further, the collections agent Mrs. Wagner spoke with, told Mrs. Wagner that if they left the vehicle loan in the Plan, their loan would go delinquent and they would lose good standing at the Credit Union, despite the fact that the Plan pays the automobile loan in full without modification.

19. The Credit Union did release the funds in the Wagners' account and reopen the debit card after this conversation, but did again advise the Wagners that they should pressure the Chapter 13 Trustee to allow the vehicle to be paid outside the plan.

20. The Wagners did not alter their Chapter 13 Plan in any way after this unlawful and abusive conversation with the collections agent at the Credit Union.

21. Everything appeared to be fine with the Wagners' accounts at the Credit Union until over a month later, on or about April 29, 2017 (a Saturday), when they went to use their debit card to purchase gasoline and once again their card was declined.

22. As before, the Wagners received no notice that their Debit Visa card or their account would be frozen once again.

23. On May 1, 2017, Mrs. Wagner received notice that a recurring charge with Amazon.com would not go through.

24. Curious as to what was going on with her debit card, Mrs. Wagner attempted to use the card at another credit union's surcharge free ATM and it would not work, the transaction was declined. She then went to Wildfire's ATM and it still would not work.

25. Mrs. Wagner went into the Credit Union on May 2, 2017, to a teller in order to withdraw money from the account, and was told that the account was frozen and she had to again discuss the account with the collections department before her account would be unfrozen.

26. The teller called "Dustin" in the Collections Department and the Credit Union eventually relented and released the funds to Mrs. Wagner; however, once again, Mrs. Wagner suffered great embarrassment and inconvenience from the Credit Union's unlawful actions.

27. This second account freezing and demand to make the Wagners speak with the collections manager occurred nearly two months after the Wagners filed for bankruptcy relief.

28. At no time during these events did the Credit Union attempt to contact the Wagners' attorney with their unfounded objections over the payment of the vehicle loan in the Plan, even though the Credit Union knew they were represented.

29. On July 20, 2017, Mrs. Wagner, curious about whether it would work, attempted to use her debit card for a small purchase and once again it was declined, despite there being money in the account.

30. The Credit Union's freezing of the Wagners' account on these occasions in order to pressure the Wagners to alter their Chapter 13 Plan amount to a form of extortion—withholding the Wagners' funds until they comply with the Credit Union's demands and violate the prohibitions established by 18 U.S.C. §152.

31. Further, when the Wagners, though their attorney, attempted to contact the Credit Union's attorney to resolve this issue they received no relief or explanation.

32. Despite having received notice of the bankruptcy, and despite the Wagners being current on their existing loan, the Credit Union had frozen their account for no reason other than to harass the Wagners and to get them to alter their Chapter 13 Plan.

33. The Credit Union's actions are clearly a willful automatic stay violation (11 USC 362(a)(3)) as they had ample time before their actions to receive notice of the bankruptcy filing. Conduct of a creditor in violating the stay is willful when "there is ample evidence in the record to support the conclusion that [the creditor] knew of the pending petition and intentionally attempted to [continue collection procedures] in spite of it." [*Budget Serv. Co. v. Better Homes of Va., Inc.*, 804 F.2d 289 (4th Cir. 1986)]. The very fact that the Credit Union froze the account in order to persuade them to alter their Chapter 13 Plan, proves that the Credit Union had actual knowledge of the Bankruptcy proceeding.

34. In this case, the Credit Union willfully and unlawfully froze the Wagners' account on more than one occasion for no other reason than to persuade the Wagners to amend or alter their Chapter 13 Plan in favor of the Credit Union's interests.

35. Further, these instances of freezing the Wagners' account were undertaken solely to harass the Wagners, especially in light of the fact that the Wagners were paying their vehicle loan in full in the Plan and were not discharging any other debt to the Credit Union.

36. Under the Bankruptcy Code, 11 USC §362(k)(1) provides that an individual injured by any willful violation of a stay "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." Certainly, in this case, the Credit Union's actions were willful as they had received notice of the filing and froze the account on at least two separate occasions for no reason other than to unlawfully pressure the Wagners to alter their Chapter 13 Plan.

37. When a creditor receives actual notice of the automatic stay, courts must presume that the violation was deliberate. See generally *Fleet Mortgage Group, Inc. v Kaneb*, 1999 WL 1006329 (1st. Cir.). In this case, the Credit Union received notice of the Bankruptcy filing by proper service on March 10, 2017, 12 days before the first account freezing and almost two months before the second account freezing. Therefore, the presumption arises that their violation of the automatic stay was deliberate.

38. Emotional distress and punitive damages are also appropriate in this matter because the actions of the Credit Union were so egregious. The Credit Union ignored the automatic stay on at least two separate occasions, ignored the fact that the Debtors were represented by counsel, and persisted in freezing the Debtors' account without prior notice, in order to persuade them to alter their Chapter 13 Plan in favor of the Credit Union's interests and in violation of the Bankruptcy Code and the provisions of 18 U.S.C. §152. See generally *Dawson v. Washington Mut Bank, F.A. (In re Dawson)*, 390 F.3d 1139 (9th Cir. 2004).

WHEREFEORE the Debtors respectfully request this Court order:

A. The Respondent to show cause why it should not be held in contempt for violating 11 U.S.C. §362 and 524.

B. The Respondent to pay Debtors' actual damages, including costs and attorney fees associated with bringing the Motion for an Order to Show Cause, pursuant to the inherent contempt power of the Court under 11 U.S.C. §105(a).

C. The Respondent to pay Debtors' costs and attorney fees pursuant to 11 U.S.C. §362(k) and 11 U.S.C. §105(a).

D. The Respondent to pay Debtors $1,000.00 in sanctions for each willful violation of the automatic stay, pursuant to 11 U.S.C. §362(k).

E. Any and all other relief deemed equitable, just, and proper.

Dated: August 15, 2017

/s/Shantele D. Elmy
Coon & Elmy, P.C.
Shantele D. Elmy (P67108)
Attorney for Debtors
3820 Isabella St
Midland, MI 48640
coonandelmypc@hotmail.com

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

In Re:  Jerry J. Wagner
        Shannon L. Wagner

        Debtors

Case No.: 17-20394
Chapter 13
Hon. Daniel Opperman

_____/

## ORDER GRANTING DEBTORS' MOTION FOR SHOW CAUSE AND SETTING HEARING

This matter having come before the Court upon Debtors' Motion for an Order to Show Cause and the Court having reviewed the Motion and being otherwise fully advised in the premises;

IT IS ORDERED that Debtors' Motion for an Order to Show Cause is granted; and

IT IS ALSO ORDERED that Wildfire Credit Union shall show cause why it should not be sanctioned for violating the provisions of the automatic stay of 11 U.S.C. §362, at a hearing to be conducted on _____ _____, 2017 at _____ in the United States Bankruptcy Court, located at 111 First Street, Bay City, Michigan 48708

**EXHIBIT ONE**

## Read Message

| | |
|---:|---|
| **Subject:** | Debit Card Declined |
| **Topic:** | General |
| **Date:** | 3/22/2017 at 3:17:33 PM    116 days |
| **Message:** | |

```
==========================================
= Date: 3/22/2017 3:17:33 PM
= From: 0040048002 / SWAGNER2005 / SHANNON L WAGNER
= Name: SHANNON L WAGNER
==========================================

I was out to lunch today and went to pay and had my card declined......even though i
have $130+ in the account. I didnt have another way to pay and had to have my
coworker pay for my meal! What in the world is going on I dont see anything different with
my account and I havent even used my card since last week! I dont typically carry cash
so this was quite embarrassing! Was it just a fluke on the restaurants end (though they
ran the card 3x!) or is there something wrong with my account
```

[ Reply ]    [ Cancel ]    [ Delete ]

Wildfire Credit Union, P.O. Box 3285, Saginaw, MI 48605
800-227-2328 — Routing and Transit number — 272484713
© Copyright 2011 Wildfire Credit Union. All Rights Reserved.

— Current time is 7/17/2017 11:57:16 AM – 0 – W1 —

## Read Message

| | |
|---|---|
| **Subject:** | Debit Card Declined |
| **Topic:** | General |
| **Date:** | 3/22/2017 at 4:01:06 PM  116 days |
| **Message:** | |

Hello Shannon,

I am so sorry you were having trouble with your card. There is a temporary block on your card because our collections department needs to know if you are you reaffirming your Jeep with us. If you can please call us at 800-227-2328 and ask to speak with our collections department, they will be able to put your card back into service. Thank you!

Sincerely,
Kate


-----Original Message-----
From: jwaala@wildfirecu.org mailto:jwaala@wildfirecu.org
Sent: Wednesday, March 22, 2017 3:18 PM
To: HBSupport
Subject: Debit Card Declined

[ Reply ]  [ Cancel ]  [ Delete ]

---

Wildfire Credit Union, P.O. Box 3285, Saginaw, MI 48605
800-227-2328 — Routing and Transit number — 272484713
© Copyright 2011 Wildfire Credit Union. All Rights Reserved.

— Current time is 7/17/2017 11:57:37 AM – 0 – W1 —

## External Transfer Access Blocked

**Blocked:** Access to this functionality has been blocked on this account. Please contact the Credit Union if you have any questions.

Wildfire Credit Union, P.O. Box 3285, Saginaw, MI 48605
800-227-2328 — Routing and Transit number — 272484713
© Copyright 2011 Wildfire Credit Union. All Rights Reserved.

— Current time is 7/17/2017 11:53:01 AM – 0 – W1 —

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

In Re: Jerry J. Wagner
       Shannon L. Wagner

       Debtors

Case No.: 17-20394
Chapter 13
Hon. Daniel Opperman

_____/

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2017, I served the Notice of Motion and Debtors' Motion for an Order to Show Cause with exhibits, by first class mail, on the following:

Wildfire Credit Union
6640 Bay Road
Saginaw, MI 48604

Wenzloff & Wenzloff
Karl L. Wenzloff, Attorney for Credit Union
903 North Jackson St
Bay City, MI 48708

A copy has also been served upon the Chapter 13 Trustee using the ECF system which will send notification of such filing to the following:

Thomas W. McDonald, Jr., Chapter 13 Trustee      ecf@mcdonald13.org

Dated: August 15, 2017

/s/ Shantele D. Elmy
Coon & Elmy, PC
Attorney for Debtors
3820 Isabella St
Midland, MI 48640
(989)625-0969
coonandelmypc@hotmail.com